UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THOMAS D. WALLER | ] | |
|     Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:07-0171 |
| | ] | Haynes/Brown |
| TRANSCOR AMERICA, LLC, et al. | ] | |
|     Defendants. | ] | |

To:  Honorable William J. Haynes, Jr., District Judge

# **R E P O R T A N D R E C O M M E N D A T I O N**

By an order (Docket Entry No. 7) entered February 9, 2007, the Court referred this action to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."[1]

Presently pending before the Court is a Motion for Summary Judgment (Docket Entry No. 34) from the plaintiff, defendants' Response (Docket Entry No. 39) to the plaintiff's Motion for Summary Judgment, defendants' Motion for Summary Judgment (Docket Entry No. 43), and the plaintiff's Response (Docket Entry No. 49) to the defendants' Motion for Summary Judgment.

The undersigned has conducted a review of these pleadings and the record in this case and

---

[1] This action was originally referred to Magistrate Judge E. Clifton Knowles. However, upon his recusal, the case was placed on the docket of the undersigned. Docket Entry No. 22.

1

has concluded that the plaintiff's Motion for Summary Judgment lacks merit. The undersigned has further concluded that the defendants' Motion for Summary Judgment does have merit. Accordingly, for the reasons stated below, it is respectfully recommended that the plaintiff's Motion for Summary Judgment should be denied while the defendants' Motion for Summary Judgment should be granted.

## I. Background

The plaintiff, proceeding *pro se*, is an inmate at the Jordan Correctional Unit in Pampa, Texas. He brings this action pursuant to 42 U.S.C. § 1983 against James Bennett, Paul Martinez and TransCor America, LLC (TransCor), seeking damages.[2]

TransCor is in the business of transporting prisoners from one jurisdiction to another. Bennett and Martinez are employed by TransCor as Extradition Specialists. On December 14, 2006, Bennett and Martinez arrived at the Union County Jail in El Dorado, Arkansas and took custody of the plaintiff. Four days later, they delivered the plaintiff to the care of the Texas Department of Criminal Justice in Huntsville, Texas.

The four day journey by motor vehicle included stops in Florida and Louisiana. The plaintiff claims that the defendants subjected him to cruel and unusual punishment during the course of his transfer from Arkansas to Texas. More specifically, the plaintiff alleges that the failure to drive him directly from El Dorado to Huntsville unnecessarily prolonged the trip and the discomfort he was forced to endure. He claims that he was "hogtied" during his transfer,[3] was not allowed a shower or

---

[2] The complaint (Docket Entry No. 6-2) initiating this action was originally filed in the United States District Court for the Southern District of Texas. By an order (Docket Entry No. 5) entered February 2, 2007, the case was transferred to this judicial district.

[3] For security reasons, "each inmate wears handcuffs, a black box, which is a small mechanism that covers the lock on the handcuffs, leg irons, and a waist chain, which connects each inmate to another inmate." Affidavits of Bennett and Martinez (Docket Entry Nos. 40 - 41).

2

an opportunity to change clothes, was forced to eat meals and use the restroom while restrained, and was kept in restraints despite a painful medical condition (hernia). The plaintiff further asserts that Bennett "willfully tightened" his restraints every time he complained about being uncomfortable and that Bennett stole a check made out to him in the amount of $12.34 (Check No. 004812).[4] Finally, the plaintiff contends that TransCor is liable for the misconduct of its employees.[5]

## II. Standard of Review

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.3d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and

---

[4] Some of the plaintiff's claims are found in a Memorandum (Docket Entry No. 11) he submitted after the complaint had been filed but before the defendants tendered a responsive pleading.

[5] The plaintiff did not spend the entire journey in a TransCor vehicle. From the afternoon of December 15 through the morning of December 16, he was confined at a jail in Columbia, Louisiana. When the defendants arrived at Gonzales, Texas on December 17 with their group of prisoners, the plaintiff was moved to another vehicle and driven directly to Huntsville. Affidavits of Bennett and Martinez (Docket Entry Nos. 40 and 41).

3

establishing the existence of a genuine issue of material fact. Celotex Corporation v. Catrett, 106 S.Ct. 2548, 2553 (1986).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id., at 106 S.Ct. 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 88 S.Ct. 1575 (1968).

### III. Analysis of the Claims

To obtain relief under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981). By entering into a contract with the state to transport the plaintiff from one jurisdiction to another, the defendants were performing a state function. Consequently, the defendants were acting "under color of state law" during the course of the plaintiff's transfer.[6] West v. Atkins, 108 S.Ct. 2250 (1988). The only question remaining, then, is whether the defendants' conduct rises to the level of a constitutional deprivation.

---

[6] In their Motion for Summary Judgment, the defendants do not dispute that they were state actors within the meaning of § 1983.

**A.) Eighth Amendment Claims**

The Eighth Amendment prohibits the cruel and unusual punishment of a prisoner. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986). A viable Eighth Amendment claim has two components. First, the plaintiff must show that the alleged misconduct was, from an objective point of view, so serious as to deprive him of the minimal civilized measure of life's necessities. Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). To qualify as sufficiently serious, the conduct in question must offend contemporary standards of decency. Rhodes v. Chapman, 101 S.Ct. 2392, 2399 (1981). The second element is a subjective component that demands a showing that the defendants had a sufficiently culpable state of mind, i.e., an actual intent to harm or a deliberate indifference to the plaintiff's health or safety. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994); Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000).

The Constitution does not protect a prisoner from unpleasant prison experiences. Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Nor does the Constitution mandate comfortable conditions of confinement. Rhodes, supra at 101 S.Ct. 2400. It necessarily follows, then, that a prisoner has not been subjected to cruel and unusual punishment simply because he has been made to feel uncomfortable during the course of a transfer from one prison to another. Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995)(a prisoner's mere discomfort, without more, does not offend the Eighth Amendment). Here, the plaintiff was made to endure a four day ride before reaching his final destination. He was not mistreated in violation of the Eighth Amendment simply because the defendants failed to drive him directly from Arkansas to Huntsville, Texas. *See* Zanzucchi v. Wynberg, 1991 WL 83937 (9th Cir.; 5/21/91)(prisoner was transported on a bus for 18 days with his hands and ankles restrained); Juliano v.Camden County Dept. of Corrections, 2006 WL 1210845

5

(D. N.J.; 5/3/06)(prisoner was transported for 10 days on a bus cross country while being shackled in the manner described by the instant plaintiff); Jensen v. Jorgenson, 2005 WL 2412379 (D. S.D.; 9/29/05)(prisoner was held in restraints and driven in a van for 14 days).

The plaintiff has alleged that he was "hogtied" during his transfer, was forced to eat meals and use the restroom while restrained, and was kept in restraints even though they were aggravating an existing medical condition (hernia). Security concerns dictate that prison officials may place an inmate in restraints while moving him from one place to another. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). The plaintiff concedes that "certain restraints" are appropriate while transporting a prisoner. Docket Entry No. 49 at pg. 2. The plaintiff claims, however, "that he experienced extreme anxiety and swollen wrist and numbness to the body" because of the "negligent use of the security restraints". Docket Entry No. 9 at pg. 1.

Negligence is not a viable theory of recovery for claims arising under the Eighth Amendment. Whitley v. Albers, supra 106 S.Ct. 1084. The record contains nothing to suggest that the plaintiff was restrained in a manner that prevented him from eating and using the restroom. In fact, the plaintiff acknowledges that his restraints were removed when he needed to sit on the toilet. Docket Entry No. 11 at pg. 1. The plaintiff does allege that the restraints aggravated his hernia to the point that his testicles had swollen. Docket Entry No. 11 at pg. 2. There is no claim, however, nor does the record suggest, that the plaintiff was not medically cleared to proceed with his transfer while in restraints. Of course, the restraints made it difficult for the plaintiff to be comfortable during his transfer. But these claims come nowhere near the level of a wanton and intentional infliction of pain necessary to establish an Eighth Amendment deprivation.

The plaintiff claims that he was not allowed a shower or an opportunity to change his clothes

6

during the trip. The defendants respond by noting that the plaintiff could have done these things when he was held overnight in a jail in Columbia, Louisiana. Regardless of whether the plaintiff did or did not shower and change his clothes, the plaintiff has not alleged any significant health condition that arose because of a lack of opportunities to maintain personal hygiene during his transfer. *See* McCorkle v. Walker, 871 F.Supp. 555, 557 (N.D. N.Y. 1995)(Eighth Amendment was not offended when a prisoner was unable to change his underwear for 15 days). At its worst, the plaintiff claims that he "developed a skin rash due to the sweat and dirt on the seat of the bus", requiring him to get medication for dry and itchy skin. Docket Entry No. 49 at pg. 4. Nothing here shocks the conscience or suggests that the defendants were deliberately indifferent to the plaintiff's needs. Thus, as a matter of law, this claim is subject to dismissal.

The plaintiff's final Eighth Amendment claim is that Bennett deliberately tightened his restraints every time that he complained about being uncomfortable. In sworn affidavits, though, both Bennett and Martinez state that they have never "tightened an inmate's restraints simply to inflict injury, harm, or discomfort." Docket Entry Nos. 40 and 41. While this would appear to create a genuine issue of material fact, the plaintiff never offered anything for the record in opposition to the defendants' sworn affidavits. Nor has the plaintiff alleged any type of injury arising from Bennett's alleged misconduct. Thus, even if Bennett had in some way wantonly inflicted discomfort upon the plaintiff, it does not appear that the misconduct complained of was so serious as to offend contemporary standards of decency in violation of the Eighth Amendment.

**B.) Due Process Claim**

The plaintiff alleges that Bennett stole a check from him that had been issued in the amount of $12.34 (Check No. 004812). Any factual dispute as to whether the check was actually stolen is

7

irrelevant at this time.[7] A prisoner's claim arising from the loss of personal property is not actionable under 42 U.S.C. § 1983, Parratt, supra at 101 S.Ct. 1917, even if the loss was the result of intentional conduct. Hudson v. Palmer, 104 S.Ct. 3194, 3204 (1984). This general proposition is inapplicable only when the state fails to provide the prisoner plaintiff with an adequate post-deprivation remedy for his loss. *see* Logan v. Zimmerman Brush Company, 102 S.Ct. 1148, 1156-1157 (1982). In this regard, both Tennessee and Texas provide the plaintiff with a statutory post-deprivation remedy that has been found to satisfy the requirements of due process. Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir.1985)(Tennessee); Myers v. Klevenhagen, 97 F.3d 91, 95 (5th Cir. 1996)(Texas). Therefore, in the absence of an allegation that the plaintiff has been denied the due process safeguards guaranteed to him by state law, the defendants are entitled to dismissal of this claim as a matter of law.

**C.) Respondeat Superior**

The plaintiff's sole claim against TransCor as set forth in the complaint reads as follows:

> The company should be held liable for
> their officers' actions since they are
> employed by this company, and may
> have been following company guidelines.

Docket Entry No. 6-2 at pg. 3.

The plaintiff can not sue a defendant such as TransCor solely because of its status as an employer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of

---

[7] Both Bennett and Martinez have submitted Affidavits (Docket Entry Nos. 40 and 41) in which they deny taking any of the plaintiff's property. To substantiate this, they have provided a Prisoner Property Receipt signed by the plaintiff acknowledging the return of his property at the conclusion of the transfer, including the check in question. Docket Entry No. 40; Exhibit A. In his Reply to the defendants' Answer, the plaintiff states that he "may have signed a Property Receipt under duress." Docket Entry No. 29 at pg. 3.

8

liability. Polk County v. Dodson, 102 S.Ct. 455 (1981). Where there is no allegation of participation, either directly or indirectly, by an employer in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert. denied, 103 S.Ct. 1778 (1983). Here, the plaintiff has failed in any way to show that TransCor was directly or indirectly involved in constitutional misconduct. Thus, the claim against TransCor is not actionable and subject to dismissal.[8]

## RECOMMENDATIONS

Upon consideration of the pleadings and the record in this case, the undersigned has concluded that the plaintiff's Motion for Summary Judgment lacks merit. It is respectfully RECOMMENDED, therefore, that his Motion for Summary Judgment should be DENIED. The undersigned has further concluded that the defendants' Motion for Summary Judgment does have merit. Therefore, it is also RECOMMENDED that the defendants' Motion for Summary Judgment should be GRANTED and that this action should be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order

---

[8] In his Response to the defendants' Motion for Summary Judgment, the plaintiff raises for the first time the notion that TransCor is liable "for failure to train, supervise, or faulty policy." Docket Entry No. 49 at pg. 5. This claim has not been properly brought before the Court in the form of an amended petition. Nevertheless, any failure to train or supervise must rise to the level of deliberate indifference. City of Canton, Ohio v. Harris, 109 S.Ct. 1197, 1204 (1989). There are no factual allegations in the record to suggest that TransCor was deliberately indifferent to any misconduct on the part of its employees.

9

regarding the Report and Recommendation. See <u>Thomas v. Arn</u>, 106 S.Ct. 466 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

          Respectfully submitted,

          Joe B. Brown
          United States Magistrate Judge